SCOTT M. LOWRY, ESQ. (CA Bar No. 244,504)
E-Mail: Scott@LawLB.com
STUART O. LOWRY, ESQ. (CA Bar No. 80,336)
E-Mail: Stuart@LawLB.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Attorneys for Plaintiff govino, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company,<br>Plaintiff,<br><br>v.<br><br>WHITEPOLES LLC DBA VINTOUT, a Wyoming limited liability company, BRANDSEXCLUSIVE LLC, a Wyoming limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 3:16-cv-6981**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff GOVINO, LLC hereby pleads its complaint for damages against Defendants WHITEPOLES LLC DBA VINTOUT and BRANDSEXCLUSIVE LLC, as follows:

**JURISDICTION AND VENUE**

1. This civil action arises under the laws of the United States, Title 35 United States Code, particularly §§ 271 and 281; the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*., as amended (the "Lanham Act") and California Common Law; and California Business & Professions Code § 17200 and 17500 *et seq*.

2. This court has original jurisdiction over the parties and the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), as well as under 15 U.S.C. §§ 1121. This court also has personal jurisdiction over the Defendants because Defendants are doing business and/or reside in this state and/or the alleged acts of infringement have occurred and/or are occurring in this state.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(a)-(b). The alleged acts of infringement and misappropriation have occurred and/or are occurring in this district and the Defendants reside within this judicial district.

**INTRADISTRICT ASSIGNMENT**

4. Pursuant to Civil L-R 3-2(c), assignment to any Division within the Northern District of California is appropriate because this is an Intellectual Property Action.

**PARTIES**

5. Plaintiff govino, LLC (hereinafter "Plaintiff" or "govino") is a Delaware limited liability company having its principal place of business at 1234 Adams Street, St. Helena, California 94574.

6. Defendant WhitePoles LLC dba Vintout (hereinafter "Vintout") is a Wyoming limited liability company having its principal place of business at 1712 Pioneer Ave. Ste. 500, Cheyenne, Wyoming 82001.

7. Defendant BrandsExclusive LLC (hereinafter "BrandsExclusive") is a Wyoming limited liability company having its principal place of business at 555 E. Washington Ave. #2203, Sunnyvale, California 94086.

8. Currently, govino is unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10. On information and belief, Does 1-10 are unlawfully making, using, selling, offering to sell, or otherwise importing products that infringe govino's patents and/or are using, without authorization, distinctive product configurations the same as or otherwise confusingly similar as govino's trademark rights, such as in connection with drinking vessels. Plaintiff govino will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

**FACTUAL BACKGROUND**

9. Plaintiff govino is a small company engaged in the design, manufacturing, distribution and retail sales of a niche group of drinking vessels. More specifically, govino has become a leading global provider of original and distinctive wine and beverage related products that include, *inter alia*, its GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ stemless wine glasses, flutes, cocktail glasses, beer glasses, and decanters (hereinafter collectively "govino Products") made from a plastic composition designed to replicate the look, feel, and quality of glass or crystal.

10. The govino Products are now some of the most sought after and well-recognized products in the industry. For example, the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass (Exhibit A) is currently the #7 selling wine glass on Amazon.com, had been ranked #1 almost daily for over four years dating back to February 2012, and has otherwise been consistently a highly ranking seller, *i.e.*, between the #1 and #10 best selling wine glass since about 2010. A true and correct printout of the Amazon.com listing is enclosed as Exhibit B. Moreover, the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass (new release Dishwasher Safe version) is already the #76 best selling wine glass on Amazon.com (Exhibit C); and the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Champagne Glass is the #8 best selling champagne glass on Amazon.com (Exhibit D); the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Beer Glass is the #51 best selling beer glass on Amazon.com (Exhibit E); and the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Decanter is the #78 best selling wine decanter on Amazon.com (Exhibit

F). Thus, the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass ranks in the top <1% of wine glass products on Amazon.com, along with the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Champagne Glasses, Beer Glasses, and Decanters. In each instance, the Amazon.com listings prominently display govino's trademarks, distinctive product configurations, and distinctive trade dress.

11. The United States Patent and Trademark Office ("USPTO") recognizes the uniqueness of the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass design, in that govino is the owner by assignment of the entire right, title, and interest in and to U.S. Patent No. D577,547 ("the '547 Patent"), which issued on September 30, 2008, claiming an "ornamental design for a wine glass". A true and correct copy of the '547 Patent is attached as Exhibit G. Under 35 U.S.C. § 282, the '547 Patent is presumed valid and enforceable.

12. To this end, govino has won numerous awards related to the distinctive product configuration and/or trade dress for several of its products. Specifically, the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass (Exhibits A-C) won the International Design Excellence Award (IDEA) – Silver Award (2010) and the Good Design Award for 2010 from the Chicago Athenaeum: Museum of Architecture and Design; and the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Flute (Exhibit D) won the International Design Excellence Award (IDEA) – Bronze Award (2012) and the Good Design Award for 2012 from the Chicago Athenaeum: Museum of Architecture and Design. Of particular note, the IDEA awards are from the Industrial Designers Society of America, and govino was the recipient of these awards based on the premise that the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass and Flute made drinking wine out of plastic glass acceptable in the wine industry.

13. The govino Products have also received wide-spread publicity, being featured in world renowned publications, including newspapers, magazines and respected online articles that reach millions of readers daily. In particular, govino's products have been featured in publications such as *The New York Times* (Dec. 2012, June 2011, Dec. 2010, Apr. 2009), *Los Angeles Times* (Jul. 2011, Mar. 2008); *The Wall Street Journal* (Nov. 2012, Jun. 2012); *Chicago*

*Tribune* (Jul. 2009), *Wine Spectator* (Dec. 2012, Feb. 2011, Dec. 2008, Sep. 2008), *Sunset Magazine* (Sept. 2012), *Saveur* (Jun. 2015), *Lucky Magazine* (Dec. 2011), *InStyle Magazine* (Mar. 2011), *Real Simple Magazine* (Dec. 2010), *The Daily Meal* (Aug. 2015), *Eater New York* (Apr. 2013), *Los Feliz Ledger* (Jul. 2010), *Town & Country Magazine* (Jun. 2010), *Food & Wine Magazine*, *San Francisco Chronicle* (Jan. 2009), and the *Calgary Herald* (Jul. 2008). Moreover, govino's products have been featured in dozens of other publications that include, but are not limited to, *TimeOut New York*, *Refinery 29*, *iVillage.com* (Nov. 2012, Jul. 2011), *Alsace "Hugel"*, *PopSugar*, *Newsday*, *Food Republic*, *Tasting Table*, *Huffpost Food*, *Cool Hunting*, *Dexinger*, *ELLIMAN Media*, *Star-Telegram*, *Socializzare Luxury*, *Ready Made Magazine*, *Details Magazine*, *Saveur*, and *Solano Magazine*, just to name a few.

14. The govino Products have also been recognized by experts in the wine industry, such as Nicola Marzovilla (wine distribution company, restaurant, and vineyard owner) and Seth Box (director of education for Moët Hennessy USA), both of whom recommended the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass in *The New York Times*. The GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass, along with other govino Products, have also been displayed and endorsed through video publications, such as by television personality and well known celebrity Martha Stewart (marthastewartliving.com) and *The Today Show*. Moreover, the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ Wine Glass was shown in the Seminal Design Exhibition "*How Wine Became Modern*" at the San Francisco Museum of Modern Art in 2010.

15. Needless to say, through the expenditure of considerable time, effort, and money, the proprietary govino Products have garnered well known industry recognizable trade dress and distinctive product configuration that has become associated only with govino, and serves to designate govino as an exclusive manufacturing source distinguishable over other wine-related products in the marketplace.

16. Defendant Vintout was founded on about April 7, 2015 and engaged in making, using, offering to sell, selling, or otherwise importing into the United States a variety of wine glasses, whisky glasses, and martini glasses having a notched indent under at least the "Neel",

"Claire", and "Zelenka" product lines, such as through its website www.vintout.com (Exhibit H), through Amazon.com as at least the "Vintout Stemless Wine Glasses" and "Whisky Glass" (Exhibits I-K), and on its Facebook page (Exhibit L), among other outlets (collectively "Infringing Glasses"). Vintout states that it plans to expand its product offerings into other wine accessories, such as decanters having a notched indent in the side wall.

17. Subsequently, BrandsExclusive LLC was formed on about April 21, 2016 and assumed all or a part of the business operations of Vintout, including making, using, offering to sell, selling, or otherwise importing into the United States the Infringing Glasses through comparable outlets such as www.vintout.com, Amazon.com, and the Facebook account attached hereto as Exhibit L. Vintout and BrandsExclusive are collectively referred to herein as "Defendants" and are believed to have coextensive business operations and otherwise operate as one and the same.

18. Defendants knew of or had purchased one or more of the govino Products, and were aware that the govino Products were for sale through the Amazon.com marketplace. Recognizing the extreme commercial success of the govino Products, Defendants engaged in the business of making, using, importing, selling, or otherwise offering to sell the Infringing Glasses directly infringing the '547 Patent and otherwise incorporating the distinctive product configuration of the govino Products.

19. Thus, Defendants endeavor to and stands to obtain substantial business by passing off the Infringing Glasses as a product endorsed, sponsored or otherwise manufactured by govino, or to otherwise use govino's goodwill to divert business away from govino, at the expense of govino, and to Defendants' financial gain. This is evident from at least the fact that the Infringing Glasses incorporate govino's distinctive product configuration in the notched indent.

20. Moreover, Defendants advertise on the website (www.vintout.com) and on Amazon.com that the Infringing Glasses are "FDA Approved". *See* Exhibits I, J, and M. Defendants have not received authorization from the Food and Drug Administration ("FDA") to

identify that the Infringing Glasses are "FDA Approved". Thus, Defendants are falsely representing and advertising to consumers that its products are "FDA-Approved".

21. More specifically, the Defendants' "Product Description" differentiates the Infringing Glasses from competitors by claiming, *inter alia*, that the Infringing Glasses are "FDA Approved"; ". . . made in the USA of high-quality materials using superior craftsmanship and are FDA approved"; and "[p]roudly crafted in the U.S. and . . . FDA Approved".

22. Defendants' misuse of the phrase "FDA Approved" wrongfully implies official approval by the FDA and constitutes a prohibited act under the Federal Food, Drug, and Cosmetic Act, including violations of 21 U.S.C.S. §§ 331(b) and 352.

23. On about September 23, 2016, govino delivered to Defendants a cease and desist letter, a true and correct copy of which is attached hereto as Exhibit N. In the cease and desist letter, govino informed Defendants that the Infringing Glasses were blatant copies of govino's patented designs and distinctive product configuration of the govino Products. To this end, govino provided Defendants with a copy of the '547 Patent. Defendants did not respond.

24. On about November 7, 2016, govino again delivered to Defendants at its business address in Wyoming as stated therein a second cease and desist letter informing Defendants that the Infringing Glasses infringe the '547 Patent and the distinctive product configuration of the govino Products. A true and correct copy of the November 7, 2016 cease and desist letter is attached hereto as Exhibit O. Defendants again did not respond. To this end, Defendants continue to make, use, offer to sell, sell, or otherwise import into the United States the Infringing Glasses.

25. Thus, since at least about September 23, 2016, Defendants have been aware that the Infringing Glasses fall within the scope of the '547 Patent and otherwise incorporate the distinctive product configuration of the govino Products. Consequently, continuing to offer to sell and continuing to sell the Infringing Glasses constitutes willful patent and trademark infringement.

26. Defendants were clearly aware of the govino Products, including that the proprietary notched indent of the govino Products has come to have trade dress rights associated

only with govino, and that Defendants created the Infringing Glasses to engage in the willful and intentional infringement of govino's proprietary rights, undoubtedly as a calculated means to take advantage of govino's wide spread reputation and consumer goodwill. Defendants continue to make, use, offer to sell, sell, and import the Infringing Glasses into the United States with full knowledge that they infringe the '547 Patent and infringe govino's distinctive product configuration.

27. Unless immediately enjoined by a preliminary injunction, Defendants will continue to infringe govino's intellectual property rights and cause consumer confusion to govino's detriment and to Defendants' commercial advantage, by riding on the substantial consumer goodwill developed by govino, for which govino has no adequate remedy.

**FIRST CAUSE OF ACTION**

**(Patent Infringement)**

**(35 U.S.C. §§ 271(a) and 281)**

28. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-27 above.

29. Defendants have been and currently are directly and/or indirectly infringing the '547 Patent by making, using, offering to sell, selling and/or importing the Infringing Glasses.

30. Defendants' acts of infringement were and continue to be deliberate and willful in view that Defendants have been aware of the '547 Patent since at least receiving govino's first cease and desist letter on about September 23, 2016.

31. Defendants' infringement of the '547 Patent will continue unless enjoined by this Court.

32. As a direct and proximate cause of Defendants' infringement of the '547 Patent, govino has suffered, is suffering, and will continue to suffer injury, unless enjoined by the court, for which govino is entitled to treble damages pursuant to 35 U.S.C. § 284 of an amount to be proven at trial.

33. As a direct and proximate consequence of Defendants' infringement of the '547 Patent, govino has suffered, is suffering, and will continue to suffer, unless enjoined by this

court, irreparable harm for which there is no adequate remedy at law, and for which govino is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**SECOND CAUSE OF ACTION**

**(Contributory Patent Infringement)**

**(35 U.S.C. §§ 271(c) and 281)**

34. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-33 above.

35. Third parties that use and sell Defendants' Infringing Glasses also infringe the '547 Patent.

36. Defendants have contributed to infringement of the '547 Patent by others and continue to contribute to such infringement by selling the Infringing Glasses to resellers and consumers, such that others directly infringe the '547 Patent, as described above, despite Defendants knowing of the '547 Patent.

37. Plaintiff govino has been and will continue to be injured as a result of Defendants' contributory infringement.

**THIRD CAUSE OF ACTION**

**(Trade Dress Infringement)**

**(15 U.S.C. § 1051 *et seq.*)**

38. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-37 above.

39. Through the expenditure of considerable time, effort, money, awards, and publicity, the proprietary govino Products, including, but not limited to, the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ stemless wine glasses, flutes, cocktail glasses, beer glasses, and decanters, have garnered well known industry recognizable trade dress distinction that associates the designs of these products only with govino and serve to designate govino as an exclusive manufacturing source of such products.

40. Subsequently, Defendants willfully and/or intentionally adopted and commercially used and sold the confusingly similar configured Infringing Glasses, *e.g.*,

including govino's distinctive notched indent as shown in Exhibits A-E, so as to cause a likelihood of confusion among the relevant purchasing public as to the source of the Infringing Glasses. Defendants' unauthorized use is likely to cause and has already caused and will continue to cause confusion, mistake or deception in the minds of purchasers, members of the trade, and the general public relative to govino, govino's distinctive trade dress identified above, and the correct source of the Infringing Glasses.

41. Such past, present, and future commercial usage by Defendants of the Infringing Glasses constitutes at least infringement of the distinctive trade dress of the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ wine glass (Exhibit A) and related govino Products under the U.S. trademark laws. 15 U.S.C. § 1051 *et seq.*; 15 U.S.C. § 1114.

42. Plaintiff govino is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §§ 1116, 1117 and 1118.

**FOURTH CAUSE OF ACTION**

**(Trademark Dilution)**

**(15 U.S.C. § 1125(a))**

43. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-42 above.

44. Plaintiff govino's distinctive trade dress of the govino Products has become widely recognized by the general consuming public of the United States as a designation of source widely recognized with govino, as enumerated in detail above.

45. The actions of Defendants as described above, and specifically, without limitation, their unauthorized use and sale of the Infringing Glasses, being blatant copies of govino's distinctive trade dress rights, in commerce to advertise, market, and sell the Infringing Glasses throughout the United States, are likely to and have already caused and will continue to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(a).

46. Plaintiff govino has suffered and continues to suffer damages in an amount to be proven at trial, comprising, *inter alia*, diminution in the value of and goodwill associated with govino's trade dress rights associated with at least the GOVINO® Go Anywhere® shatterproof,

reusable, recyclable™ stemless wine glasses, flutes, cocktail glasses, beer glasses, and decanters, which have caused injury to govino's business. Plaintiff govino is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(c).

47. The Defendants' actions described above were and continue to be deliberate and willful. Plaintiff govino is therefore entitled to recover treble damages in an amount to be determined at trial and based at least on the profits of the sales of the Infringing Glasses, and to recover the costs of this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

**FIFTH CAUSE OF ACTION**

**(Unfair Competition re Trade Dress Infringement)**

**(15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §§ 17200 *et seq*., and California common law)**

48. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-47 above.

49. Defendants have misappropriated the good will symbolized by the distinctive trade dress of at least the GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ stemless wine glasses, flutes, cocktail glasses, beer glasses, and decanters.

50. Defendants have injured govino by knowingly, willfully, and/or intentionally passing off the Infringing Glasses and by knowingly, willfully, and/or intentionally causing a likelihood of confusion among the relevant purchasing public as to the source of the Infringing Glasses.

51. Defendants had prior awareness of and imitated govino's established trade dress; and have unjustly enriched themselves at govino's expense.

52. Defendants' above-described conduct constitutes deceptive and unfair competition under 15 U.S.C. § 1125(a), under the statutory laws of the State of California Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq*., and under California common law.

53. As a result of the aforesaid acts by Defendants, govino has suffered and continues to suffer substantial damages and irreparable injury, for which govino is entitled to injunctive relief against Defendants under Cal. Bus. & Prof. Code § 17203.

**SIXTH CAUSE OF ACTION**

**(False and Misleading Advertising)**

**(15 U.S.C. § 1125(a))**

54. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-53 above.

55. Defendants' use of the phrase "FDA Approved" constitutes a false advertisement that misrepresents the nature, characteristics and qualities of Defendants' Infringing Glasses and/or is designed to deceive a substantial segment of consumers into believing that the Infringing Glasses are "FDA Approved". None of Defendants' products have been "approved" by the FDA.

56. This deception is material in that it has influenced and will continue to influence consumer purchasing decisions regarding Defendants' products, thereby diverting revenue from govino to Defendants.

57. As a result of Defendants' false and misleading advertising, govino has suffered and will continue to suffer irreparable and monetary damages in an amount to be determined at trial. Accordingly, govino has no adequate remedy at law for such injuries and thus, govino is entitled to a permanent injunction against further false and misleading advertising.

**SEVENTH CAUSE OF ACTION**

**(Unfair Competition re False Advertising)**

**(15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §§ 17200 *et seq*., and California common law)**

58. Plaintiff govino re-alleges and incorporates by reference as part of this cause of action the allegations set forth in paragraphs 1-57 above.

59. Defendants' false and misleading advertising has caused injury to govino and its product sales, business, relationships, reputation, and goodwill in and constitutes unfair competition in violation of govino's rights under 15 U.S.C. § 1125(a) and California common law for unfair competition. Moreover, Defendants' conduct also constitutes deceptive and unfair competition under the statutory laws of California under Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq*.

60. As a result of Defendants' false and misleading advertising, govino has suffered and will continue to suffer irreparable and monetary damages in an amount to be determined at trial.

61. Defendants acted intentionally, willfully, deliberately, maliciously, egregiously, and in bad faith to injure govino. As such, govino has no adequate remedy at law for such injuries and is thus entitled to a permanent injunction against further false and misleading advertising under 15 U.S. Code § 1116 and Cal. Bus & Prof. Code. § 17203.

**PRAYER FOR RELIEF**

WHEREFORE, govino requests entry of judgment in its favor and against Defendants as follows:

a. That Defendants have directly and/or indirectly infringed the '547 Patent;

b. Preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys and those persons who have acted in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any infringement of the '547 Patent whether direct or indirect;

c. That Defendants account to govino for damages by virtue of Defendants' infringement and/or contributory infringement of the '547 Patent;

d. Award govino all damages, in such amounts as are proved at trial, and in no event in an amount less than a reasonable royalty, resulting from Defendants' infringement and/or contributory infringement of the '547 Patent, pursuant to 35 U.S.C. § 284;

e. That Defendants be adjudged to have willfully and deliberately infringed and contributorially infringed the '547 Patent;

f. That the present case be judged an exceptional case within the meaning of 35 U.S.C. § 285 and that govino be awarded its reasonable attorneys' fees and costs pursuant thereto;

g. That govino be awarded damages in an amount equal to three times the amount of damages found or assessed, to compensate govino for the willful and deliberate acts of infringement by Defendants, pursuant to 35 U.S.C. § 284;

h. Order Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, to destroy or offer up to govino for destruction any and all Infringing Glasses that are within Defendants' possession, custody, or control;

i. That judgment be entered in favor of govino that Defendants have directly and/or indirectly infringed the distinctive product configuration of the notched indent of the govino Products;

j. That Defendants and their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined from violating govino's rights by way of:

i. using govino's distinctive trade dress in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses, whisky glasses, and martini glasses;

ii. using any word, name, mark, designation, logo, or other material for or in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses, whisky glasses, and martini glasses, which is likely to cause confusion, mistake or deception as to source relative to govino's names, marks, distinctive product configuration, designations of origin and logos;

iii. passing off the Defendants' goods as govino's goods;

iv. practicing unfair competition, unfair trade practices, false advertising and misappropriation against govino;

v. practicing any conduct aimed at or likely to result in diverting business intended for govino or injuring govino's good will and business reputation by way of false advertising, imitation, misrepresentation, false statements, fraud, advertising and/or deception;

vi. selling, marketing, advertising, promoting and/or distributing the Infringing Glasses as "FDA Approved";

k. That govino be awarded (a) Defendants' profits; (b) damages sustained by govino; and (c) the costs for this civil action, including reasonable attorneys' fees, under 15 U.S.C. § 1117(a);

l. That the present case be judged as exceptional within the meaning of Lanham Act 15 U.S.C. § 1117 to warrant judgment for three times such profits and damages, including prejudgment interest;

m. Award govino damages sustained by govino and adequate to compensate govino for Defendants' false and misleading advertising that its Infringing Glasses are "FDA Approved".

n. That Defendants be ordered to mail notice letters at their expense to all customers, accounts, distributors, dealers, jobbers, salesmen, sales representatives and suppliers, informing them that Defendants falsely advertised their products as "FDA Approved" and have committed trademark infringement and unfair competition against govino and that they has no affiliation, connection or other business relationship with govino; and

o. That the Court order any further relief that it may deem just, proper, and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, govino respectfully demands a trial by jury on all claims and issues so triable.

Dated: December 5, 2016

*/s/ Scott M. Lowry*

Scott M. Lowry, Esq.
Stuart O. Lowry, Esq.
Lowry Blixseth LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Attorneys for Plaintiff govino, LLC